

JEROME BEARDEN
1852 w 11TH Street # 178
TRACY CA 95376
510 6776187
Email jbear245@aol.com
PRO SAE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JEROME BEARDEN,

      Plaintiff,

vs.

ALAMEDA COUNTY

      Defendants.

) Case No. CASE NO.
)
) C19-4264    KAW
)
) **Retaliation and Discrimination**
)
) DATE: July 24 , 2019
) TIME:
) PLACE
)
) TRIAL DATE NOT ASSIGNED YET
)
)
)
)
)

## INTRODUCTION

On 7/12 /2018 at the beginning of the 7 AM to 3 PM shift juvenile institutional Officer Jerome

Bearden (JIO Bearden) was verbally assaulted and berated by Juvenile Institutional Officer. Christine

Bernal ( JIO Bernal ) the verbal assault and retaliation  took place in  located in the Juvenile Justice

center located at 2500 Fairmont Dr., San Leandro, CA. Mr. Bearden had previously emailed JIO

Bernal and requested that she not create additional paperwork which was a unit population sheet

which is the responsibility of the night shift at the juvenile justice center, located at the bottom left-

1

hand corner of the document that is the juvenile population sheet he clearly states that the night shift

shall fill out the first five columns see Exhibit 1 unit population sheet

Mr. Bearden had previously emailed ( JIO Bernal ) and requested that she not create

additional paperwork which consisted of a unit population sheet which is the responsibility of the

night shift at juvenile Hall.  The email see Exhibit 2 email from Jerome Bearden to Christine Bernal

from Jerome Bearden,

**sent: Tuesday, July 10, 2018 7:02 AM**

**To Christine Bernal**

**Subject: Re: room assignment sheet unit five. Docx.**

**If there are mistakes in the pop she please make notes and email me, do not redo pop she is not**

**your unit but I I do appreciate your effort.**

Yet Mr. and all continue to do her unsanctioned, unofficial, personal, paperwork that has no

place in the juvenile justice center. Mr. Bearden had placed a copy of her unofficial paperwork and

deliver that packet to the night supervisor  IS II Supervisor Kodrick Cogman, requesting that she do

not do her personal non-official paperwork. Kodrick Cogman turned that paperwork over to the

morning supervisor IS II Gabriel Zamora who in turn gave it to JIO Bernal

Bernal upon arriving to work and receiving the paperwork from IS II supervisor Zamora did

not go to her assigned work unit that day which was unit six. Video recording will show JIO Bernal

instead stormed out of the IS II Supervisor' s office and proceeded down the main hallway 75 yards

walking in stride with IS II supervisor Zamora. At no time while  JIO Bernal walked 75 yards and

turned into a unit she was not assigned to did shift supervisor Gabriel Zamora make any effort to

restrain, stop, redirect, JIO Bernal. Video recording will show that JIO Mike Morris, JIO Keith

Clayton,  Janitor Muhammad Ali all witnessed Bernal's entrance into the unit.  JIO Bernal entered

Unit 5 , a unit she was not assigned and approached Bearden an aggressive manner as if she was ready to fight with a matching verbal tone yelling at Bearden. JIO Bernal yelled at Bearden quote keep my name out of your mother fucking mouth and she again repeated the statement keep my name out of your mother sucking mouth at the top of her voice  Bearden responded you need to go talk to you a supervisor about that paperwork I sent to the office. For an office assistant in her yelling at Bearden approaching within 3 feet of Bearden and stated" **you need to be on administrative leave, you needed to be fired,** . JIO Bernal had no right to enter a unit that she was not assigned to be in to verbally berate JIO Bearden in front of his fellow coworkers, all because she was told that she was not to make her own private, personal, Non Official population sheet, at the time of the incident JIO Bernal was on occasion acting out of class in training to become an IS I Supervisor and was well affiliated and knowledgeable about workplace conduct and Alameda County rules of conduct.  JIO Bernal is a friend and associate of Julie Marques who investigated Alameda County's case against Bearden  as a member of the Professional Standards Unit, interrogated Bearden in court, was very familiar with private information of Bearden's personnel matters and was less than truthful when called upon to testify about Bearden passing a performance improvement plan (**HAVING CONVENIENT AMNESIA**) when called upon to testify regarding the matter) when in fact there was no way for Bearden to return to work in good standing and start working without her approval. In JIO Bernal's  rant against JIO  Bearden the issue of unit paperwork pop sheets, room assignment sheets never came up. Personal private employment issues which JIO Bernal should have no knowledge of, which were private, is what JIO Bernal  ranted and attempted to start a fight about. Mr. Bearden attempted to engage verbally engage JIO Bernal.  JIO  Morris  placed himself  between JIO Bearden and JIO Bernal and instructed Bearden to leave the unit Bearden gathered his personal items and left the unit.

3

1

2   **Proximally one week after the incident Mr. Bearden was told to report to  the Superintendent**

3   **of the juvenile justice center office.**   Juvenile Institutional Officer Christine  Bernal had made an

4   accusation that JIO Bearden had attempted to lunge at her and hit her. Superintendent Rivers stated

5   the video evidenced exonerated Bearden and that Bearden never made any effort strike officer

6   Bernal.

7

8    This action seeks to recover damages for the violation of  Mr.Bearden's rights

9

10   **JURISDICTION**

11   This action arises under Title 42 of the United States Code section 1981  Title 42 of the United States

12   Code, Section 1983. Title 28 of the   United States Code, Sections 1331 and 1343 confers jurisdiction

13   upon this Court. The unlawful acts and practices alleged herein occurred in San leandro , California,

14

15   which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon

16   this Court.

17   **Govermental Claim for Damages, please take notice that pursuant to California Government**

18   **code 910 et seq** Jerome Bearden hereby present this claim for damages Mr. Bearden cause of action

19   for retaliation 42 US 1981 of the civil rights act of 1866 retaliation 1983 42 US code to interfere with

20

21   civil rights, civil action for deprivation of rights, and due process emotional distress and extreme

22   emotional distress punitive damages and attorney fees and other possible claims to be named later.

23

24

25

26

27

28

4

## PARTIES

Plaintiff herein, JEROME BEAREN is, and at all times herein mentioned was a citizen of the United States. AND AN EMPLOYEE OF Alameda County

Defendant COUNTY OF ALAMEDA  (hereinafter referred to as " COUNTY OF ALAMEDA " I is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the COUNTY OF ALAMEDA operates the Alameda County probation Department

. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend his complaint subject to further discovery.

### FIRST CAUSE OF ACTION

Violation of Fourth Amendment of the United States Constitution

(42 U.S.C. §1983)

**Section 1983 – Liability in Connection with the Actions of Another –**

**Failure to Intervene**

5

1   Bearden contends that Alameda County Supervisor  Gabriel Zamora  violated Bearden's Rights ]

2   **[The public is entitled to protection from unprofessional employees whose conduct places**

3   **people at risk of injury and the government at risk of incurring liability**. County of Santa Cruz

4   Plantiff and Appellant v, CIVIL SERVICE COMMISION OF SANTA CRUZ, Defendant  and

5

6   respondent George B Jack. 171 Cal App 4th 1577 (2009),

7    Alameda County Civil service commission rules  2104 (j) **Discourteous treatment of the general**

8   **public or fellow employees.**  and that Alameda County should be liable for that violation because the

9   Alameda County shift supervisor   failed to intervene to stop the violation.

10  Alameda County is liable for that violation if plaintiff has proven all of the following four things by a

11  preponderance of the evidence:

12

13   **First:** Alameda County  violated Bearden protection from unprofessional employees whose conduct

14  places people at risk of injury and the government at risk of incurring liability and Bearden a right not

15  to face retaliation  for his current lawsuit against the County of Alameda .

16

17

18   **Second:** Alameda County had a duty to intervene. I instruct you that Supervisor's have a duty to

19  intervene to prevent Verbal Beratement and Retaliation   by a fellow officer. I instruct you that

20  Supervisors have a duty to intervene during an altercation between officers.

21  **Third:**  Alameda County  had a reasonable opportunity to intervene by action of the Shift supevisor

22

23

24  **Fourth:** Alameda  County failed to intervene.( no action by shift supervisor walked JIO Bernal was

25  allowed  to walk 75 yards down the hallway and  then entered the unit side by side  with the shift

26  supervisor to retaliate  against  JIO Bearden.

27           A defendant can in appropriate circumstances be held liable for failing to intervene to stop

28

6

a beating. See, e.g., Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) (holding that "a

corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth

Amendment violation under § 1983 if the Shift Supervisor. had a reasonable opportunity to

intervene and simply refused to do so," and that  evan "a corrections officer cannot escape liability

by relying upon his inferior or non-supervisory rank vis-a-vis the other officers"); Bistrian v. Levi,

34 696 F.3d 352, 371 (3d Cir. 2012) ("extending [the Smith v. Mensinger] standard to inmate-on35

inmate attacks"); Williams v. Fields, 2013 WL 4498670 (3d Cir., Aug 23, 2013) (non-precedential

opinion) (reversing grant of judgment as a matter of law because jury could have "reasonably

inferred" that officer "must have seen" the beating by other officers "and declined to intervene").

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## SECOUND CAUSE OF ACTION

### (42 U.S.C. §1981)

Plaintiff repeat and reallege and incorporate by this reference the allegations set

forth in paragraph 1 through 55, inclusive, as though fully set forth herein.

Defendant's discrimination against JEROME BEARDEN

afforded him by the Civil Rights Act 1866, 42 U.S.C. §1981,

as amended by the Civil Rights Act of 1991.

 By the conduct described above, defendant Alameda County intentionally deprived the

above-named African American the same rights as are  enjoyed by white citizens to the creation,

performance, enjoyment, and all benefits and privileges,

7

1   of their contractual employment relationship with Alameda County , in violation of 42 U.S.C. §1981.

2   By creating a  Harassment — Hostile Work

3   Environment — No Tangible Employment Action

4   Bearden  claims that he was subjected to harassment by JIO Christine Bernal in front of the shift

5   supervisor and was not disciplined for it which is disparate treatment JIO Bearden would have been

6   fired Immediately if did what JIO Christine Bernal did  and JIO Bernal Verbal berated Bearden and

7   attempted to start a fight  Over Private Personal employment issues.

8

9   harassment was motivated by Bearden's race.

10  Alameda County is  liable for racial harassment  againist Bearden for the following reasons  all of the

11  following elements by a preponderance of the evidence:

12  **First:** Bearden was subjected to retaliation and the creation of an hostile work environment by Bernal

13  entering Bearden's  work area  and yelling at Bearden and confronting Bearden by attempting to start

14  a fight.  quote **keep my name out of your mother fucking mouth** and she again repeated the

15  statement **keep my name out of your mother fucking mouth at the top of her voice** Bearden

16  responded you need to go talk to you a supervisor about that paperwork I sent to the office. For an

17  office assistant in her yelling at Bearden approaching within 3 feet of Bearden and stated" **you need**

18  **to be on administrative leave,     you needed to be fired,** . JIO Bernal had no right to enter a unit

19  that she was not assigned to be in

20  **Second:** JIO Bernal's conduct was not welcomed by Bearden.

21  **Third:** JIO Bearnal's conduct was motivated by the fact that Bearden is African American.

22  **Fourth:** The conduct was so severe or pervasive that a reasonable person in Bearden's

23  position would find Bearden's work environment to be hostile or abusive. This element

8

requires you to look at the evidence from the point of view of a reasonable African American reaction to Bearden's work environment.

**Fifth:** Bearden believed his work environment to be hostile or abusive as a result of JIO Bernal's conduct.

Alameda County is liable for the acts of harassment of non-supervisor employees, (JIO Bernal) Bearden has proven by preponderance of the evidence that management level employees knew, or should have known,

of the abusive conduct. Management level employees should have known of the abusive conduct an employee provided management level personnel with enough information to raise a probability of racial harassment in the mind of a reasonable employer, or if the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

Alameda County was totally aware of JIO Bernal actions the shift supervisor walked 75 yards down the main hallway side by side with JIO Bernal and entered unit 5 after the incident was over Bearden asked the shift supervisor are you going to right her up IS II Supervisor Gabriel Zamora refused to write a discipline for JIO Bernal's action's all Incident reports and videos will be requsted in discovery. If Mr. Bearden would have walked into a Unit he ws not assigned and berated a female coworker as JIO Bernal did Bearden he would be fired Immediately. JIO Bernal was not disciplined as JIO Bearden would have been if he had committed the same act which is racist and disparate treatment by Alameda County by a preponderance of the evidence stated in pargraphs 1-

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

JURY DEMAND

Plaintiff hereby demands a jury trial.

WHEREFORE, Plaintiff prays for relief, as follows:

    1. For general damages in a sum to be determined at trial;

    2. For punitive damages and exemplary damages in amounts to be determined according to

    3.. Any and all permissible statutory damages;

    4. For reasonable attorney's fees pursuant to 42 U.S.C. §1983 and U.S.C. §1981 794a; and For

cost of suit herein incurred.

Dated: July  24, 2019

JEROME BEARDEN

                                1852 w 11TH Street # 178

                                TRACY CA 95376

                                510 6776187

                                Email jbear245@aol.com

                                PRO SAE