UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME BEARDEN,<br><br>  Plaintiff,<br><br> v.<br><br> ALAMEDA COUNTY,<br><br>  Defendant. | Case No. 19-cv-04264-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On December 26, 2019, Defendant County of Alameda filed the instant motion to dismiss plaintiff's second amended complaint[1] ("SAC") for failure to state a claim. Dkt. No. 20 (Motion to Dismiss). Pursuant to Civil Local Rule 7-1(b) the Court hereby vacates the March 20, 2020, hearing and the motion is hereby GRANTED.

## BACKGROUND

Plaintiff Jerome Bearden is a Juvenile Institutional Officer at the County of Alameda's Juvenile Justice Center, located at 2500 Fairmont Drive, San Leandro, CA. Dkt. No. 15 ¶¶ 5-6 (SAC)[2]. The SAC alleges that on July 10, 2018, Mr. Bearden emailed his colleague, Juvenile Institutional Officer Christine Bernal, requesting she cease re-creating unit population sheets if she found mistakes because the night shift is responsible for this task. *Id*. ¶¶ 5-8. Following the email, the SAC alleges Mr. Bearden gave a copy of the "unofficial paperwork" created by Ms. Bernal to the night supervisor, Kodrick Cogman, who then passed it on to morning supervisor Gabriel Zamora,

---

[1] Plaintiff's pleading is titled "Second Amended Complaint," but the pleading is technically plaintiff's First Amended Complaint.

[2] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents.

who then passed the paperwork to Ms. Bernal. *Id*. ¶ 8.

Upon receiving the paperwork from Mr. Zamora on July 12, 2018, Ms. Bernal allegedly "stormed out of" Mr. Zamora's office and walked down the hallway with Mr. Zamora. *Id*. ¶ 8. Ms. Bernal allegedly entered a unit she was not assigned and approached Mr. Bearden in an "aggressive manner." *Id*. ¶ 10. In the presence of Mr. Zamora and other colleagues, Ms. Bernal allegedly yelled at Mr. Bearden several times, stating: "Keep my name out of your mother fucking mouth." *Id*. ¶ 11-13. Ms. Bernal also allegedly told Mr. Bearden that he should be investigated by Internal Affairs, fired, and needed to retire. *Id*. ¶ 14. At that point, Mr. Zamora inserted himself between Ms. Bernal and Mr. Bearden, and Mr. Bearden left the unit. *Id*. ¶ 15. Mr. Bearden alleges Ms. Bernal subsequently told the Superintendent of the Juvenile Justice Center, Mr. Rivers, that Mr. Bearden lunged at her and attempted to strike her. *Id*. ¶ 16. A review of the video footage showed this alleged complaint was false. *Id*. ¶ 17.

Mr. Bearden alleges his supervisor, Mr. Zamora, "showed no intent or urgency to stop [Ms.] Bernal [from approaching Mr. Bearden] which was his job to do." *Id*. ¶ 22. Mr. Bearden further alleges that Mr. Zamora, Mr. Rivers, and the Assistant Superintendent (unnamed) decided to "sweep the incident…under the rug" and not report it in retaliation for Mr. Bearden's separate, existing wrongful termination lawsuit against the County of Alameda. *Id*. ¶ 27-29. Mr. Bearden argues that as an African American man, he would have received different treatment had he conducted himself in the same manner as Ms. Bernal. *Id*. ¶ 30.

On July 24, 2019, Mr. Bearden filed a complaint against the County of Alameda. Dkt. No. 1. Mr. Bearden filed the SAC on December 13, 2019 asserting the following causes of action: (1) Government Code § 815.2, (2) Government Code § 815.6, (3) 42 U.S.C. § 1981, and (4) 42 U.S.C. § 1983. Dkt. No. 15 ¶¶ 42, 58, 72, 76 (SAC).

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. Pro. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege

2

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (*quoting Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

**I.     Government Claims Act – First and Second Causes of Action**

Defendant argues plaintiff's California state law claims (first and second causes of action) are barred because plaintiff did not adequately comply with procedural requirements under the California Government Claims Act. Dkt. No. 20-1 at 9-11 (Motion to Dismiss).

Before filing suit on tort claims against certain state actors, a plaintiff must file a government claim pursuant to the California Government Claims Act. Cal. Gov. Code. § 810 et seq. The purpose of the claims statute is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal. 4th 983, 991 (2012) (internal quotations omitted). Accordingly, a suit should not be dismissed for failure to comply with the statute as long as the plaintiff has

3

provided "sufficient information . . . on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit." *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 456 (Cal. 1974). This is known as the doctrine of "substantial compliance." *Id.* at 456-57; *Elias v. San Bernardino County Flood Control Dist.*, 68 Cal. App.3d 70, 74 (Cal. Ct. App. 1977) ("courts employ a test of substantial rather than strict compliance in evaluating whether a plaintiff has met the demands of the claims act").

Plaintiff did file a claim form, and the Court finds that plaintiff's claim form provided the County with sufficient information to allow the County to adequately investigate the claims arising from the July 2018 incident. Plaintiff filed his claim form pro se, and the Court considers that fact when evaluating the sufficiency of plaintiff's claim form. Further, the claim form includes essentially all the facts alleged in the SAC. While defendants are correct that the claim form makes no mention of Cal. Gov. Code, §§ 815.2 & 815.6, plaintiff substantially complied with the claim form requirements. However, plaintiff's first and second causes of action fail for other reasons.

**A. First Cause of Action: Government Code § 815.2 claim**

Under the California Government Tort Claims Act, a public entity is not liable for any injury except as provided by statute. Cal. Gov. Code § 815[3]. A public entity may be subject to respondeat superior liability under § 815.2 for injury caused by an act or omission of an employee. Cal. Gov. Code § 815.2(a); *see also Mayfield v. County of Merced*, No. CV F 13-1619, 2014 U.S. Dist. LEXIS 79066, at *21 (E.D. Cal. June 6, 2014) (noting § 815.2 provides for respondeat superior liability for an employee's act or omission). To prevail under § 815.2, the plaintiff must establish tort liability. *See Thomsen v. Sacramento Metro. Fire Dist.*, No. 2:09-CV-01108, 2009 U.S. Dist. LEXIS 97242, at *45-46 (E.D. Cal. Oct. 20, 2009) (barring a plaintiff from bringing a § 815 claim for a non-tort

---

[3] Cal. Gov. Code § 815.2 states the following:
(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

4

cause of action); *Mikkelsen v. State of California*, 59 Cal. App. 3d 621, 626-27 (1976) (stating the Tort Claims Act—Section 815—is "a special statute regulating the tort liabilities and immunities of public entities and employees").

Defendant moves to dismiss the § 815.2 claim, arguing plaintiff does not, and cannot, allege a tort claim against Mr. Zamora or Ms. Bernal. Dkt. No. 20-1 at 11, 12 (Motion to Dismiss). Defendant correctly points out that plaintiff's only contention against Mr. Zamora is that Mr. Zamora violated internal workplace violence prevention procedures when he failed to stop Ms. Bernal from yelling at plaintiff and failed to discipline Ms. Bernal. *Id.* at 11 (Motion to Dismiss); Dkt. No. 15 ¶¶ 54, 55, 56 (SAC). Defendant argues that because plaintiff cannot demonstrate a tort claim against Mr. Zamora, the § 815.2 claim fails. *Id.* at 11-12 (Motion to Dismiss). Defendant further contends that even if Ms. Bernal's alleged yelling and cursing violated defendant's internal policies, plaintiff cannot allege a tort claim because Ms. Bernal never touched or attempted to touch plaintiff. *Id.* at 12 (Motion to Dismiss).

Plaintiff argues Mr. Zamora had a duty to stop Ms. Bernal and intervene in her verbal altercation with plaintiff. Dkt. No. 15 ¶ 55 (SAC). Plaintiff also argues Mr. Zamora should have reprimanded Ms. Bernal with disciplinary action. *Id.* ¶ 56 (SAC). Plaintiff further contends Ms. Bernal's behavior towards him violated internal workplace violence policies and constituted "harassment," "verbal abuse," and a threat of "bodily harm." *Id.* ¶¶ 53, 56 (SAC); Dkt. No. 32 at 11 (Opposition). Plaintiff alleges Ms. Bernal approached him in "an aggressive manner as if she was ready to fight" and yelled the statement, "keep my name out of your mother fucking mouth." Dkt. No. 15 ¶¶ 10, 11 (SAC).

Here, plaintiff does not allege, and the video attached to plaintiff's SAC does not establish, an injury in tort. Specifically, plaintiff has not alleged a tort injury resulting from Mr. Zamora's alleged failures or omissions. Similarly, plaintiff fails to allege the specific tort he suffered from Ms. Bernal's alleged statements towards him. As such, plaintiff has failed to allege facts supporting a tort injury, such as assault or battery, to constitute a § 815.2 claim.

The Court therefore DISMISSES the § 815.2 claim WITHOUT PREJUDICE. Plaintiff is allowed leave to amend this claim to plead a specific tort injury if he can.

**B. Second Cause of Action: Government Code § 815.6 claim**

The intent of the California Tort Claims Act is not to expand a plaintiff's right to bring suit against public entities, but to "confine potential governmental liability to rigidly delineated circumstances." *In re Groundwater Cases*, 154 Cal. App. 4th 659, 688 (2007) (*quoting Williams v. Horvath*, 16 Cal.3d 834, 838 (1976)). Since sovereign immunity is the rule in California, a public entity "may be held liable only if there is a statute subjecting [it] to civil liability." *Id.* Without such a statute, the public entity is immune from suit. *Id.*

California Government Code § 815.6[4] allows a plaintiff to sue a public entity for a particular type of injury where the public entity had a mandatory duty to protect against the risk of that injury. Cal. Gov. Code § 815.6. "A plaintiff seeking to hold a public entity liable under Government Code section 815.6 must specifically identify the statute or regulation alleged to create a mandatory duty." *In re Groundwater Cases*, 154 Cal. App. 4th at 689. To establish whether liability may be imposed on a public entity, the following must be met: (1) the enactment in question must impose a mandatory, not discretionary, duty; (2) the enactment must be intended to protect against the kind of risk of injury suffered by the party asserting the statute as the basis of liability; and (3) the breach of duty must be a proximate cause of the plaintiff's injury. *Id.* (citing *Ibarra v. California Coastal Com.*, 182 Cal. App. 3d 687, 692-93 (1986)). Whether an enactment creates a mandatory duty is a question of law. *Haggis v. City of Los Angeles*, 22 Cal.4th 490, 499 (2000).

To interpret an enactment as imposing a mandatory duty on a public entity, "the mandatory nature of the duty must be phrased in explicit and forceful language." *Collins v. Thurmond*, 41 Cal. App. 5th 879, 914 (2019) (*quoting Quackenbush v. Superior Court*, 57 Cal. App. 4th 660, 663 (1997)). "It is not enough that some statute contains mandatory language. In order to recover plaintiffs have to show that there is some specific statutory mandate that was violated by the [public entity] … ." *In re Groundwater Cases*, 154 Cal. App. 4th at 689 (*quoting Washington v. County of*

---

[4] Cal. Gov. Code § 815.6 reads: Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

6

*Contra Costa*, 38 Cal. App. 4th 890, 896-97 (1995)). "[T]he enactment at issue [must] be obligatory, rather than merely discretionary or permissive, in its directions to the public entity; it must require, rather than merely authorize or permit, that a particular action be taken or not taken." *Haggis*, 22 Cal.4th 498. Moreover, "the enactment allegedly creating the mandatory duty must impose a duty on the specific public entity sought to be held liable." *In re Groundwater Cases*, 154 Cal. App. 4th at 689.

Defendant argues for dismissal of plaintiff's § 815.6 claim because neither state nor federal anti-discrimination statutes, nor defendant's internal policies, impose a mandatory duty for which the County of Alameda could be liable under § 815.6. Dkt. No. 20-1 at 14 (Motion to Dismiss); Dkt. No. 28 at 2, 4 (Reply). Further, defendant argues its internal policies are not statutes or enactments and the county retains the discretion to create and enforce those policies, thus barring a § 815.6 claim due to the absence of a mandatory duty. Dkt. No. 20-1 at 15 (Motion to Dismiss).

Plaintiff argues because workplace violence and harassment education is mandatory for all employees of the Alameda County probation department, Mr. Zamora was under a mandatory duty to control and report Ms. Bernal's actions, as well as to discipline Ms. Bernal. Dkt. No. 15 ¶¶ 60, 65 (SAC). Due to Mr. Zamora's alleged violation of this mandatory duty, plaintiff claims he was harmed because his Fourteenth Amendment right to be free from discrimination—in the form of retaliation and harassment—was violated. *Id.* ¶ 61 (SAC). Additionally, plaintiff argues Mr. Zamora violated the County of Alameda Civil Service Commission Rule 2104(j), which states discourteous treatment of the general public or fellow employees "may constitute a cause or reason for disciplinary action." Dkt. No. 32 at 16 (Opposition); County of Alameda Civ. Serv. Comm'n Rule 2014(j). Similarly, plaintiff cites to Cal. Gov. Code § 19572(m), which states "discourteous treatment of the public or other employees" "constitutes cause for discipline of an employee." *Id.* (Opposition); Cal. Gov. Code § 19572(m).

None of the rules or statutes cited by plaintiff impose a mandatory duty on the County of Alameda. The County of Alameda's internal workplace violence prevention policy is not an enactment and thus cannot qualify as the basis for a § 815.6 claim. Although the County of Alameda's Civil Service Commission Rule may be an enactment, it does not require a mandatory

7

duty. Instead, Civil Service Commission Rule 2104(j) uses discretionary language by stating that discourteous treatment "may" be a reason for disciplinary action. Thus, there is no mandatory duty to discipline an employee for discourteous conduct. Cal. Gov. Code § 19572(m) likewise fails to carry a mandatory duty requirement. While this enactment is a statute with little discretionary language, it fails to convey a mandatory duty "phrased in explicit and forceful language." Collins, 41 Cal. App. 5th at 914. Additionally, Cal. Gov. Code § 19572(m) does not "impose a duty on the specific public entity sought to be held liable." *In re Groundwater Cases*, 154 Cal. App. 4th at 689. In fact, § 19572(m) does not mention any specific public entity in its language. Without a mention of a mandatory duty and a specific public entity, § 19572(m) cannot be construed to impose a mandatory duty on Mr. Zamora or the County of Alameda.

For the forgoing reasons, plaintiff's § 815.6 claim cannot succeed, and the Court DISMISSES the claim WITH PREJUDICE.

## II. Third Cause of Action: 42 U.S.C. § 1981 claim

Plaintiff's SAC alleges four causes of action. However, embedded in the third cause of action—the § 1981 claim — is a claim under Title VII of the Civil Rights Act of 1964.[5] Dkt. No. 15 at 15. For purposes of this motion the Court will analyze the § 1981 claim and Title VII claims individually. Any amended complaint should bring these distinct causes of action separately.

### A. 42 U.S.C. § 1981

"Section 1981 prohibits discrimination in the making and enforcement of contracts by reason of race, including color or national origin differences." *Flores v. City of Westminster*, 873 F.3d 739, 752 (9th Cir. 2017) (citing 42 U.S.C. § 1981). To bring a claim under § 1981, a plaintiff "must show

---

[5] The third cause of action states in part: "This is an employment discrimination case, brought pursuant to the provision of the Civil Rights Act of 1866, 42 U.S.C. 1981, as amended by the Civil Rights Act of 1991 ("Section 1981"); Title VII of the Civil Rights Act of 1964…; the California Fair Employment and Housing Act, Government Code §§ 12940, et seq. ("FEHA"); and the California Unfair Business Practices Act, Business and Profesions Code 17200 et seq…" Dkt. No. 15 ¶ 72. For purposes of this motion the Court will only address the 1981 claim and Title VII. If plaintiff wishes to move forward on the other bases listed, he must provide factual support for them and properly present them in an amended complaint.

8

'intentional' or 'purposeful' racial discrimination." *Pendleton v. City of Spokane Police Dep't*, No. 2:18-cv-0245, 2019 U.S. Dist. LEXIS 11969, at *14 (E.D. Wash. Jan. 24, 2019). To allege intentional discrimination under § 1981, the plaintiff must show he: (1) is a member of a protected class; (2) attempted to contract for certain services; (3) was denied the right to contract for those services; and (4) was deprived of those services while similarly situated persons outside the protected class were not, or received services in a hostile manner that is objectively discriminatory. *Id*. at *15.

To succeed on a § 1981 claim against a local government entity, "a plaintiff must prove that the entity violated his constitutional rights by acting pursuant to an official municipal policy." *Id*. at *19; *see also Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978) (establishing that claimants suing state actors must show the alleged injury stemmed from a "policy or custom" of the state actor). Thus, § 1981 "preserves the 'policy or custom' requirement in suits against state actors" instead of imposing respondeat superior liability. *Federation of African Am. Contrs*., 96 F.3d at 1215.

Defendant moves to dismiss plaintiff's § 1981 claim, arguing Mr. Zamora's alleged failure to stop and/or discipline Ms. Bernal's conduct does not represent official government policy. Dkt. No. 20-1 at 16 (Motion to Dismiss). To establish a claim for a hostile work environment, defendant argues plaintiff must allege facts supporting a Title VII violation, the federal statute prohibiting racial harassment in the workplace. *Id*. at 16 (Motion to Dismiss). According to defendant, plaintiff cannot successfully allege a hostile work environment based on racial harassment under Title VII because Ms. Bernal's statements to plaintiff were not racial in content and plaintiff does not allege a racial motive for the confrontation. *Id*. at 17 (Motion to Dismiss).

Plaintiff contends Ms. Bernal's alleged harassment was motivated by race and the County of Alameda should be held liable. Dkt. No. 32 at 17 (Opposition). Plaintiff argues Ms. Bernal exhibited racial discrimination and harassment by entering Mr. Bearden's unit with their supervisor, Mr. Zamora, and "berating" plaintiff about employment issues. *Id*. (Opposition). Additionally, plaintiff alleges Mr. Zamora did nothing to prevent and/or discipline Ms. Bernal's alleged verbal confrontation. Dkt No. 15 ¶¶ 73, 74 (SAC).

9

Although plaintiff is a member of a protected class (African American), he fails to allege any facts to show intentional racial discrimination beyond conclusory allegations. Plaintiff argues that if he, "a 6[']2" 240 pound Black male did exactly the same thing" by confronting Ms. Bernal in the manner she confronted plaintiff, "it would not be 15 minutes from the time reported that the Alameda County Sheriff's would be escorting Mr. Bearden out of the building as a dangerous aggressive Black Male employee." Dkt. No. 15 ¶ 29 (SAC). While plaintiff speculates he would have been treated differently if he behaved the way Ms. Bernal did, he fails to show he was treated disparately under the actual circumstances. Section 1981 requires a deprivation or denial of a right, but plaintiff does not allege any such deprivation here. Plaintiff's hypotheticals do not allege a direct, discriminatory action against him by Mr. Zamora or the County of Alameda. Additionally, plaintiff cannot demonstrate the County of Alameda has a "policy or custom" that supports racially discriminatory behavior. Thus, plaintiff fails to state a claim under § 1981 and the Court must dismiss the claim.

**B. Title VII**

"Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case. Both require proof of discriminatory treatment and the same set of facts can give rise to both claims." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004). The analysis for Title VII would be the same as that of § 1981 and thus similarly fail because plaintiff cannot show he suffered racial discrimination when Mr. Zamora declined to stop and/or discipline Ms. Bernal.

Additionally, Title VII requires an individual to exhaust administrative remedies before filing a lawsuit in court. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 454 (2008). This includes the requirement to bring a discrimination charge before the Equal Employment Opportunity Commission (EEOC) within 180 days of the discriminatory act and to sue within 90 days of obtaining an EEOC right-to-sue-letter. *Id*. at 454; 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1). The SAC includes a single mention of a wrongful termination filing with the EEOC, but there is no evidence the filing was timely or that plaintiff received a right to sue letter from the EEOC. Dkt.

1    No. 15 ¶ 55 (Amended Complaint). Thus, there is no evidence plaintiff fulfilled the required administrative process prior to filing suit and plaintiff's Title VII claim fails.

Plaintiff is granted leave to amend to add facts showing (1) the County of Alameda's specific policy or custom that violated plaintiff's constitutional rights and (2) the deprivation or denial of a right to constitute a § 1981 claim and (3) a Title VII claim if plaintiff has in fact exhausted his administrative remedies.

Therefore, the Court DISMISSES the § 1981 and Title VII claims WITHOUT PREJUDICE and grants plaintiff leave to amend.

### III. Fourth Cause of Action: 42 U.S.C. § 1983 claim

Defendant seeks dismissal of plaintiff's § 1983 claim arguing plaintiff cannot allege a County of Alameda *policy* harmed him. Dkt. No. 20-1 at 18 (Motion to Dismiss). 42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (internal quotation omitted). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Bowell v. Montoya*, No. 1:17-cv-00605, 2018 U.S. Dist. LEXIS 171229, at *6 (E.D. Cal. Oct. 3, 2018) (internal quotation omitted). To prevail on a 1983 claim, plaintiff must establish: (1) a constitutional right was violated and (2) that violation was done under color of state law. *Long*, 442 F.3d at 1185. Here, plaintiff argues violations under the Fourteenth Amendment to meet prong one.

A with a § 1981 claim, there is no respondeat superior liability under § 1983. *McGee v. California*, No. 2:16-cv-1796, 2018 U.S. Dist. LEXIS 33889, at *6 (E.D. Cal. Feb. 28, 2018). As such, counties and municipalities can only be sued under § 1983 if plaintiff can show that his "constitutional injury was caused by an employee acting pursuant to the municipality's policy or custom." *Id.* at *6 (*citing Monell*, 436 U.S. at 691). To establish liability under *Monell*, a plaintiff must allege a policy or custom established by municipal policymakers and show that this policy or custom was the "moving force" behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). The plaintiff must prove that (1) the alleged violation resulted

from a "longstanding policy or custom" established as the local government entity's standard procedure; (2) the decision-making official was a final policymaking authority whose acts could represent official policy; or (3) an official with final policymaking authority either delegated the authority to, or approved the decision of, a subordinate. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).

Defendant argues plaintiff's Fourteenth Amendment allegation fails because plaintiff cannot bring the claim as a "class of one," as such a theory conflicts with the purpose of the Fourteenth Amendment and would also lead to judicial interference in public employment practices. *Id*. at 19 (Motion to Dismiss). In response, plaintiff cites the factual allegations in the SAC, arguing Ms. Bernal "verbally berate[d]" him while a supervisor "took no action..." Dkt. No. 32 at 20 (Opposition). Plaintiff argues the County of Alameda violated his Fourteenth Amendment right to be free from discrimination, disparate treatment, retaliation, and harassment. *Id*. at 20 (Opposition).

Plaintiff's Fourteenth Amendment claim under § 1983 fails because plaintiff cannot show his constitutional rights were infringed. The Fourteenth Amendment protects citizens from the deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. The "purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation omitted). Although the Supreme Court has generally allowed equal protection claims brought by a "class of one" where the plaintiff alleges intentionally differential treatment from others similarly situated, a "class of one" theory cannot apply in the public employment context. *Engquist v. Or. Dep't of Agric*., 553 U.S. 591, 598 (2008). This is due to the "common sense realization that government offices could not function if every employment decision became a constitutional matter." *Id*. at 599. Even if plaintiff could successfully show differential treatment based on race, he still cannot, as a sole individual, bring a Fourteenth Amendment claim against defendant. Additionally, plaintiff has not alleged any facts showing Ms. Bernal's altercation and Mr. Zamora's inaction deprived him of a life, liberty, or property interest.

Plaintiff's argument that his supervisor was acting in an official capacity on behalf of the County of Alameda also fails because a respondeat superior theory does not apply to § 1983 claims. Plaintiff does not allege any facts to show there was an official policy or custom that directed plaintiff's supervisor to compel or forgo reprimanding Ms. Bernal. Just as plaintiff failed to allege an official county policy to support his § 1981 claim, plaintiff's § 1983 claim likewise fails for failure to show that a policy or custom contributed to his injury.

Defendant's motion to dismiss the fourth cause of action is GRANTED WITHOUT prejudice. Plaintiff may amend his complaint if he can allege (1) he is not a "class of one" and he was deprived of a life, liberty, or property interest and (2) an official policy or custom was in place giving rise to his claim.

## CONCLUSION

Plaintiff's second cause of action is DISMISSED WITH prejudice.

Plaintiff's first, third, and fourth causes of action are DISMISSED WITHOUT prejudice. Any amended complaint must be filed on or before May 1, 2020.

**IT IS SO ORDERED**.

Dated: March 30, 2020

SUSAN ILLSTON
United States District Judge

13